This is a bill brought by the receiver of a bankrupt corporation against its officers and their wives to impress a resulting trust on certain lands in Paterson, New Jersey, the title to which stands in the names of the wives. It is admitted that $2,500 was withdrawn from the corporate funds for the purpose of making this purchase.
Speaking generally, this transaction creates a resulting trust.
In the case of Shaler v. Trowbridge (Court of Errors andAppeals), 28 N.J. Eq. 595, the court said:
"The equitable doctrine applicable to the case is well settled. If a person having a fiduciary character purchase property with the fiduciary funds in his hands, and take the title in his own name, a trust in the property will result to the cestui quetrust or other person entitled to the beneficial interest in the fund with which the property was paid for; or, if a partner purchase lands with partnership funds and take the title to himself a trust will result to the partnership. The rule embraces personal property as well as real estate, and if a man purchase a bond, annuity, stock, mortgage or other personal interest, in the name of a third person the equitable ownership results to the person from whom the *Page 145 
consideration moves. 1 Perry Trusts §§ 127, 130; Johnson v.Dougherty, 3 C.E. Gr. 406; Cutler v. Tuttle, 4 C.E. Gr. 558."
 * * * * * * * * *
"If a person occupying a fiduciary capacity purchases property with fiduciary funds in his hands, and takes the title in his own name, he will, by construction, be charged as a trustee for the person entitled to the beneficial interest in the fund with which such purchase was made."
In the case of Stratton v. Dialogue, 16 N.J. Eq. 70, the court said:
"1. Where real estate is in fact paid with the funds of a company there is clearly a resulting trust in favor of the company, although the deed therefor is made absolute to a third part, and purports upon its face to be for his own use and benefit.
"2. A party so taking the title becomes a trustee for the creditors and stockholders, and the trust will be enforced for their benefit at the instance of the receiver."
Defendants contend that the withdrawals were perfectly proper in that they were payments or advances for wages. I think the testimony is entirely too vague to establish such a proposition.
Defendants also contend that fraud actual or constructive must be shown before complainant can prevail. That is not so because the trust is a "resulting," not a "constructive trust." It arises from operation of law and fraud need not be shown. See39 Cyc. 104:
"Resulting trusts — 1. In general — a. Nature of resulting trust. A resulting trust never arises out of a contract or agreement between the parties, but arises by implication of law from their acts and conduct apart from a contract, the law implying a trust where the acts of the property to be charged as trustee have been such as are in honesty and fair dealing consistent only with a purpose to hold the property in trust, notwithstanding such party may have really intended to resist it. Such a trust cannot be subsequently changed by oral declarations. A resulting trust may arise — (1) where an estate is purchased in the name of one person, but the money or consideration is paid by another; (2) where there is a disposition of property upon trusts which are not declared or are only partially *Page 146 
declared, or are illegal; (3) where a conveyance is made without any consideration, and it appears from the circumstances that the grantee was not intended to take beneficially; (4) where a person standing in a fiduciary relation uses fiduciary funds or assets to purchase property in his own or a third person's name, and (5) it has been said that a resulting trust will arise in certain cases of fraud where transactions have been carried on malafide; but the trust which arises in the case of fraudulent transactions is more properly classified as a constructive trust and not as a resulting trust.
 * * * * * * * * *
At p. 148:
"It is an established rule at equity that where trust and confidence are reposed by one party in another, and the latter accepts the confidence or trust, equity will convert him into a trustee, whenever it is necessary to protect the interest of the party so confiding and do justice between them. In accordance with this rule, if a receiver, executor, factor or other fiduciary uses the fiduciary funds or assets in the purchase of property and takes a conveyance in the name of himself or a third person, a resulting trust arises in such property in favor of the persons entitled to the funds or assets with which it is purchased, particularly where the purchase is made for the benefit of such persons. So, where a guardian purchases property in his own name with funds of his ward, a trust results to the ward; and where an executor or administrator purchases property in his own or a third person's name with funds belonging to the estate, a resulting trust arises in favor of the heirs, legatees or other persons entitled to the beneficial interest in the estate. If the fiduciary funds thus used constitute only a part of the consideration, a resulting trust pro tanto arises."
 * * * * * * * * *
At p. 150:
"Funds in hands of agent. Where an agent, having funds or assets of his principal in his possession, uses the same in the purchase of property, and the purchase is made or title taken in the name of himself or of a third person, a resulting trust in the property so acquired arises in favor of the principal or his heirs, as against the agent or his heirs, or creditors, although the agent made no express promise to act as trustee, and although the principal is indebted to the agent in an amount equal to the value of the property purchased."
Defendants finally contend that the corporation was not insolvent when its funds were used to buy the property and that no present creditor was then a creditor. Therefore, complainant should not succeed. This argument might be *Page 147 
pertinent were this a suit to set aside a fraudulent conveyance, but such is not the case here. There is no attack made on the conveyance itself. The suit merely seeks in effect to have the equitable title to the property declared to be in the trustee in bankruptcy. The situation is the same as if the corporation were not the bankrupt and brought the suit itself. The trustee brings the action as the representative of the corporation as well as the representative of the creditors. See 4 Rem. Banktc. 85
§ 1409: "The trustee succeeds to the bankrupt's title and stands in his shoes and has the bankrupt's rights and remedies."
At p. 190 § 1479: "The trustee is entitled to urge all rights and all the defenses the bankrupt might have urged had there been no kankruptcy."
I, therefore, think it immaterial whether the corporation was insolvent at the time the property was bought or whether present creditors were then creditors.
I will advise a decree according to the prayer of the bill.